THE PEOPLE, PLAINTIFF AND APPELLEE, *v.* DEL VALLE ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of San Juan, Section 2, in in Prosecution for Aggravated Assault and Battery.

No. 904.—Decided December 24, 1915.

ASSAULT AND BATTERY—GRAVE BODILY INJURY—SERIOUS BODILY INJURY.—In the cases of *The People* v. *Marini,* 22 P. R. R. 10, and *The People* v. *Aguilar,* 22

P. R. R. 667, this court laid down the doctrine that it is necessary to allege and also to prove at the trial some one of the aggravating circumstances specified by the law in order to convict a person of aggravated assault and battery, and that doctrine is ratified.  In the present case it was held that the information charged aggravated assault and battery within the meaning of subdivision 7 of section 6 of the Act of March 10, 1904, for while it did not employ the word ''grave,'' used in the act, it did classify the injuries inflicted as ''serious'' and described them as a dislocation of the left arm, a fracture of a rib and a wound on the head.  It was also proven at the trial that the victim actually received the wounds specified in the information and that they were produced by a dangerous weapon or weapons.

The facts are stated in the opinion.

*Messrs. Tizol & Campillo* for the appellants.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The pertinent part of the information in this case reads as follows:

''That at about midnight of February 21, 1915, in the ward of Hato Puerco of Loíza, P. R., of the municipal judicial district of Río Grande, which forms a part of the judicial district of San Juan, P. R., the said Félix, Carmelo and Julio del Valle and Evaristo Sánchez then and there wilfully, unlawfully, maliciously and with the criminal intention of causing grave bodily injury to Elías Ayala assaulted said Ayala with clubs and chairs, inflicting upon him serious contusions, such as the dislocation of his left arm, the fracture of a rib in his left side and a wound on the left side of his head; for which contusions he had to be treated by the local physician, Dr. Boneta.''

On April 17, 1915, the case was tried in the district court against defendants Félix and Carmelo del Valle.  Nothing is shown in the record as to what may have occurred with respect to the other defendants, Julio del Valle and Evaristo Sánchez.  The evidence was taken and the court found defendants Félix and Carmelo del Valle guilty of aggravated assault and battery and sentenced them to pay a fine of $200 or to imprisonment one day for each dollar of the said fine not paid.

The defendants appealed to this court alleging as grounds (1) that the facts recited in the information do not constitute

the crime of aggravated assault and battery and (2) that the evidence was insufficient.

The appellants maintain that the information does not allege any of the aggravating circumstances specified in section 6 of the Act to punish assault, etc., approved March 10, 1904, and cite the decisions of this court in the cases of *The People* v. *Marini,* 22 P. R. R. 10, and *The People* v. *Aguilar,* 22 P. R. R. 667.

We ratify the doctrine laid down in the said cases, as follows: In the first, that it is necessary to allege in the information and, in the second, that it is necessary to prove besides at the trial some of the aggravating circumstances specified by the law in order to convict a person of the crime of aggravated asault and battery; but, in our opinion, the said cases are not on all fours with this case now under consideration in the sense in which they are relied upon by the appellants.

It is true that the information does not employ the word "grave" used in the law, but it is also true that it does classify the injuries inflicted as "serious" and describes them as a dislocation of the left arm, a fracture of a rib and a wound on the head. Besides, it was proven at the trial that the victim actually received the wounds specified in the information and that they were produced by a dangerous weapon or weapons.

As to the sufficiency of the evidence, we will only say that we have considered it carefully and are of the opinion that it is sufficient to support the judgment appealed from.

The appeal should be dismissed and the judgment appealed from

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.